**Ernest James BUEHLER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–85–0277–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 1986.

---

David R. Bires, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson and Bryan Lyn McClellan, Asst. Dist. Attys., for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

DUGGAN, Justice.

Appellant entered a guilty plea to the offense of possession with intent to deliver more than 28 grams and less than 200 grams of methamphetamine. No agreed recommendation as to penalty was made, and the court assessed appellant's punishment at 12 years confinement. Further, the court ordered that, as a condition of any parole, appellant make restitution in the amount of $817.66 to the Harris County Sheriff's Office for the extradition costs of returning appellant from Ohio. Appellant asserts seven grounds of error on appeal.

■ In his first four grounds, appellant asserts that the trial court erred in failing to suppress the contraband seized as a result of what he urges to be an illegal arrest. Since appellant voluntarily and understandingly entered a guilty plea without an agreed recommendation on the matter of punishment, all non-jurisdictional defects were waived, and he is precluded from appealing an adverse ruling on his pre-trial motion to suppress evidence. *Kass v. State*, 642 S.W.2d 463 (Tex.Crim. App.1981); *see Cleveland v. State*, 588 S.W.2d 942, 944 (Tex.Crim.App.1979); *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex. Crim.App.1979); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). Appellant's first four grounds of error are overruled.

Appellant's fifth and seventh grounds of error urge that the trial court erred in making a notation on the judgment that appellant is to pay $817.66 in extradition costs as a term and condition of parole. He urges that such a term and condition is not authorized by law and that the amount noted cannot properly be considered restitution to the victim of appellant's crime.

In connection with appellant's punishment hearing, the trial court heard the colloquy of counsel and considered a tendered exhibit concerning travel expense of $817.66 incurred by the Harris County Sheriff's Office in returning appellant to this jurisdiction from the State of Ohio.

The trial court included in its judgment the following language:

> Court order [sic] that the Defendant make restitution in the amount of $817.66 to Harris County Sheriff's Office *for costs of extradition as a condition of his parole.* This amount can be paid in the amount of $75.00 per month beginning 60 days after [sic] released for TDC.

(Emphasis added.)

Appellant was sentenced on April 11, 1985. Thereafter, effective August 26, 1985, Tex.Code Crim.P.Ann. art. 42.12, sec. 15(g) was amended such that new section 15(g)(1) includes the following:

> ... *The Board* [of Pardons and Paroles] *may include as a condition of parole that the prisoner pay any* fine, *cost,* or fee, including a fee paid to a county-paid public defender or appointed counsel under Article 26.05 of this code, as amended, *that is imposed on the prisoner in the prisoner's sentence.*

(Emphasis added.)

■ The reimbursement of travel expense incurred by a law enforcement agency in accomplishing the extradition of a prisoner is unquestionably a "cost ... imposed ... in the prisoner's sentence" that the Board of Pardons and Paroles has the option to include as a condition of parole. However, the clear language of art. 42.12, sec. 15(g)(1) indicates that although the sentencing court may impose the fine, cost, or fee in the prisoner's sentence, it is within the prerogative of the Board, and not the sentencing court, whether to include such a requirement of repayment as a condition of parole. In its brief before this Court, the State suggests "that at the time appellant was sentenced, the trial court possessed no authority to impose the aforementioned conditions of parole." We agree.

But deciding that the court lacked authority to impose reimbursement of extradition costs as a condition of parole does not dispose of the matter urged in appellant's ground of error. Appellant's ground of error objects not only to the trial court's having *ordered* an amount of extradition costs to be paid as a condition of parole but to the court having *noted* the amount of extradition costs on the judgment. Deletion of all judgment reference to the court's determination of extradition cost should not be necessary unless: (1) no authority exists for the Board to order payment of extradition costs as a condition of parole for persons sentenced prior to the August 26, 1985, effective date of art. 42.-12, sec. 15(g)(1); and (2) no evidentiary basis existed for the trial court's finding of the extradition costs noted.

■■■ We find that the Board had authority prior to the 1985 amendments to art. 42.12 to require repayment of extradition costs. Before 1985, former art. 42.12, sec. 2(c) defined "parole" as "the release of a prisoner from imprisonment ... *under such conditions* and provisions for disciplinary supervision *as the Board of Pardons and Paroles may determine* ..." ch. 722, 1965 Tex.Gen.Laws 489, *amended by* ch. 427 sec. 1, 1985 Tex.Gen.Laws 2895, 2897 (emphasis added.) The definition is recodified in almost identical language as Tex. Code Crim.P.Ann. art. 42.18, sec. 2(a) (Vernon Supp.1986) (ch. 427, sec. 2, 1985 Tex. Gen.Laws 2895, 2944). Such language vested the Board with sufficiently broad discretionary authority to set conditions of release that would include reasonable repayment of extradition expenses not in excess of amounts determined by the trial court. Appellant's fifth and seventh grounds of error are overruled.

Appellant's sixth ground of error asserts that there is no evidence to support the sentencing court's finding.

■■■ Where the trial court sets a restitution sum for the Board's use as a possible parole condition, evidence must be presented on the issue. We find there was such evidence.

During the course of the hearing on appellant's guilty plea, the statement of facts shows the following:

PROSECUTOR: ... We will further request that he be required, as a condition of his parole, to make restitution to Harris County for extradition expenses to bring him back from the State of Ohio.

THE COURT: Do you have that amount?

PROSECUTOR: *Your Honor, may I show you the sheriff's travel voucher?*

THE COURT: Was Kim Wilson [appellant's codefendant who was granted probation] required to make any?

APPELLANT'S ATTORNEY: If I am not mistaken, Your Honor, as a condition of her probation she is required to pay back a certain sum of money, which I forget exactly what the amount was.

THE COURT: The total amount for her was sixteen hundred?

APPELLANT'S ATTORNEY: I think that she was required as a condition of her probation to pay back her pro rata share.

THE COURT: Okay. What says the defense?

(Emphasis added.)

Appellant's attorney neither objected to the voucher tendered to the court nor offered evidence, but proceeded to argue in behalf of a short sentence for his client.

After assessing appellant's sentence at 12 years confinement, advising him of his right to appeal, right to assistance of counsel, and to have appointed counsel if he was indigent, the court continued in its sentencing:

If the Board of Pardons and Paroles grants you a parole, you will be allowed to pay the restitution ordered in this amount to Harris County, in the total amount of $817.66, at the rate of $75 per month, beginning 60 days after you have been released from incarceration, and continuing each 30 days thereafter, until the sum has been paid.

Appellant made no objection.

The above colloquy indicates that the sheriff's voucher was tendered to the

court, examined, and considered without objection. Under this state of the record, we find that the parties treated the sheriff's travel expense voucher as if it had been offered in evidence and was evidence. Compare *Bahlo v. State,* 707 S.W.2d 249 (Houston [1st Dist.], 1986, no pet.); *James v. State,* 643 S.W.2d 439 (Tex.App.—Houston [14th Dist.]), *pet. ref'd.,* 640 S.W.2d 910 (Tex.Crim.App.1982) (Onion, P.J., concurring). Appellant's sixth ground of error is overruled.

The judgment is reformed to delete therefrom the notation:

> Court order [sic] that the defendant make restitution in the amount of $817.66 to Harris County Sheriff's Office for costs of extradition as a condition of his parole. This amount can be paid in the amount of $75.00 per month beginning 60 days after released from TDC."

The judgment will bear the notation that the trial court established the sum of $817.66 as expenses by the Harris County Sheriff's Office for appellant's extradition.

As reformed, the judgment is affirmed.