Aruthur GALLEGOS aka Arthur
Gallegos, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–01060–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 14, 1988.

John F. Carrigan, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Roe Morris, Asst. Dist. Atty., for appellee.

Before COHEN, DUNN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from the conviction of possession of a controlled substance, heroin. The jury found appellant guilty, and after the trial court found the enhancement paragraphs to be true, it sentenced him to 60 years confinement. In five points of error, appellant contends that the trial court abused its discretion in denying his request for new counsel; erred in refusing counsel a 10–day continuance; erred in ordering that appellant pay attorney's fees as a condition of parole; and that he was denied reasonably effective assistance of counsel.

The evidence adduced at trial indicates that Officer R.J. Vargas received a tip from an informant that a man was selling heroin in front of an apartment complex. The informant, who had proven reliable in the past, gave a general description of the man and the name "Rojo." The officer testified that he drove to the apartment complex and observed a man, matching the informant's description, talking with two other individuals. Moments later, the officer observed a white vehicle approach the suspect. The suspect walked to the driver's window, blocking the officer's view, and 45 seconds to one minute later, the suspect returned to his position on the wall. The officer stated that from his experience this behavior was consistent with the selling of drugs. At this point, the undercover officer requested that a marked vehicle "arrest" appellant.

Officer A.G. Tello, one of the investigating officers, stated that he and his partner drove up beside appellant and asked him to approach their vehicle. The officer testified that appellant hesitated, then dropped a clear baggie from his waist band and walked towards the officers. After Officer Tello's partner retrieved the baggie, and identified its contents as heroin, he arrested appellant.

An HPD lab chemist testified that the substance in the baggie was heroin. The substance weighed less than 28 grams and was one percent pure heroin.

We first address appellant's third and fourth points of error, which assert that appellant was denied reasonably effective assistance of counsel. Specifically, appellant claims that his counsel's representation violated his rights under the United States and Texas Constitutions.

The law on the right to counsel is the same under the United States and Texas Constitutions. U.S. Const. amend. VI; Tex. Const. art. I, sec. 10; *see Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex.Crim. App.1986). The general standard of review for effective assistance of counsel is stated in *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). *Ferguson v. State*, 639 S.W.2d 307, 310 (Tex.Crim.App.1982).

The recent case of *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex.Crim.App.1987), distinguished the appropriate usage of the standard in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984), from that in *Ex parte Duffy*, 607 S.W.2d at 516. In *Cruz*, cases are

divided into two groups: (1) those in which the alleged ineffective assistance of counsel took place during the punishment phase of a *capital murder* trial, in which event *Strickland* applies; and, (2) those in which the alleged ineffective assistance of counsel took place during the punishment phase of an *ordinary* trial, in which event *Duffy* applies.

The Court of Criminal Appeals has commented that "the threshold standard for determining effective assistance of counsel enunciated in *Strickland* is not substantively different from the standard this Court has propounded in recent years." *Hernandez v. State,* 726 S.W.2d at 55.

The Court of Criminal Appeals has interpreted *Duffy* as follows:

> Under this standard the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused. This constitutional right to counsel does not mean errorless counsel or counsel whose competency is to be judged by hindsight. The right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel.

*Ex parte Cruz,* 739 S.W.2d at 58. Thus, the determination of an "effective assistance of counsel" question turns on the particular circumstances of each case. *Mercado v. State,* 615 S.W.2d 225, 227 (Tex.Crim.App.1981).

Texas case law interpreting *Duffy* has required, in addition to a showing of some act that would constitute ineffective assistance of counsel, a showing of harm due to the alleged ineffective assistance. *See, e.g., Ferguson v. State,* 639 S.W.2d at 311; *Mercado v. State,* 615 S.W.2d at 228.

■ First, appellant contends that ineffectiveness was shown by his counsel's failure to file any pre-trial motions other than a request for the trial court to assess punishment. However, appellant fails to provide any proof of exculpatory evidence that would have been discoverable by such a motion or that there was no informal discovery undertaken. *Passmore v. State,* 617 S.W.2d 682, 685 (Tex.Crim.App.1981). Additionally, he fails to show what merito-rious motions were not made and how they would have benefited him.

■ Second, appellant contends that ineffectiveness is shown by his counsel's failure to raise defenses other than the officer's insufficient probable cause to make the warrantless arrest. From the record, the evidence indicates that appellant was seen possessing the heroin, thereby making his warrantless arrest proper. *Lunde v. State,* 736 S.W.2d 665 (Tex.Crim.App.1987). Furthermore, appellant has failed to indicate to this Court other defenses that he may have had. This Court cannot second-guess the trial strategy employed by trial counsel, and the fact that another attorney may employ different tactics is insufficient to support a claim of ineffective assistance of counsel. *See Martin v. State,* 623 S.W. 2d 391 (Tex.Crim.App.1981); *Sanchez v. State,* 589 S.W.2d 422 (Tex.Crim.App.1979); *Stewart v. State,* 652 S.W.2d 496 (Tex.App. —Houston [1st Dist.] 1983, no pet.).

■ Third, appellant contends that counsel's ineffectiveness is shown by his failure to argue or plead for the trial court's leniency during the punishment hearing. In support of his contention, appellant relies on *Ruedas v. State,* 586 S.W.2d 520 (Tex. Crim.App.1979) (holding that trial court's denial of counsel's request to present closing argument before determining guilt was a violation of appellant's right to counsel). We do not find this case applicable to the instant case because: (1) this was not a trial court's denial of a right to argue; and (2) this was at the punishment stage, not at guilt/innocence, where questions of fact and law are argued. In addition, we find no harm in the failure to plead for leniency, considering that appellant had elected to have the court assess punishment and had two prior convictions for burglary with intent to commit theft and aggravated rape.

■ Finally, appellant contends that ineffectiveness is shown by counsel's failure to object to the prejudicial effect of the prior convictions because they "were so old," and he (appellant's court-appointed counsel) had not had time to locate the files and prepare his defenses. We find no mer-

it to this contention because court-appointed counsel was afforded an opportunity to check the files, and there is nothing in the record to indicate that he did not. Further, appellant does not now allege that the prior convictions were in any manner invalid.

We hold that counsel was reasonably effective and that appellant has failed to show harm due to his counsel's alleged ineffectiveness.

Appellant's third and fourth points of error are overruled.

In his first point of error, appellant contends that the trial court erred in denying him the right to be effectively represented by counsel of his choice. Specifically, appellant contends that the trial court erred in denying his request to have his court-appointed counsel replaced with counsel that his family had selected.

■ The United States Supreme Court has long recognized that an accused "should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). However, the right to obtain counsel of one's own choice is neither unqualified nor absolute. *United States v. Barrentine,* 591 F.2d 1069 (5th Cir.1978). That right must be balanced with a trial court's need for prompt and efficient administration of justice. *Ex parte Windham,* 634 S.W.2d 718, 720 (Tex. Crim.App.1982).

The record indicates that appellant had been in custody since his arrest on October 13, 1987, and did nothing to secure other representation until the week before trial. Appellant had another counselor selected; however, that attorney was unable to proceed to trial and requested a 10–day to two-week continuance. Appellant's court appointed counsel said that he had been notified the previous week that other counsel had been obtained and had stopped his preparation. However, three days before trial, he had been notified by the new counsel that new counsel would not be able to prepare for trial on the currently scheduled date of December 2, 1987. Appointed counsel stated that he had discovered that possibly one of the enhancement paragraphs was voidable, but because of the age of the conviction, he had not yet received the file, and was therefore unprepared to continue on that issue. The trial court responded by stating that only voir dire would be completed on December 2, 1987, and that counsel would have the evening to review the enhancement allegations. The trial court then overruled appellant's motion for new counsel. No further complaint was made by defense counsel concerning lack of time to examine the prior conviction records.

■ Factors to consider in determining whether the trial court erred include: (1) the length of delay requested; (2) whether other continuances were requested and whether they were denied or granted; (3) the length of time the accused's counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witness, the opposing counsel, and the trial court; (6) whether the delay is for legitimate or contrived reasons; (7) whether the case was complex or simple; (8) whether a denial of the motion resulted in some identifiable harm; and (9) the quality of the legal representation actually provided. *Ex parte Windham,* 634 S.W.2d at 720. Finally, this analysis is tempered by the fact that the public interest in the fair and orderly administration of justice may be greater than a defendant's right to have counsel of his choice. *Id.*

■ The following facts are significant: (1) appellant attempted to obtain a new attorney only the week before trial; (2) appellant's attorney had been appointed over one month prior to trial; (3) the facts of the case were simple; two officers saw appellant possessing the heroin; (4) appellant's new attorney was not prepared to proceed to trial; and (5) despite appellant's contentions to the contrary, there was no identifiable harm to appellant, because appellant's appointed counsel effectively represented him.

We hold that the trial judge did not abuse his discretion in denying appellant's request for new counsel.

Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in overruling his motion for continuance. Appellant failed to file a written motion as required by Tex.Code Crim.P.Ann. art. 29.03 (Vernon Pamph.1988). Nothing is preserved for review.

Appellant's second point of error is overruled.

■ In his fifth point of error, appellant contends that the trial court erred in ordering as a condition of his parole that he repay Harris County for the costs of his attorney. Specifically, appellant contends that this order violated the separation of powers clause of the Texas Constitution.

The judgment provided:

Further it is the *order* of the Court that as a condition of the Defendant's parole that he make restitution to Harris County Texas for appointed attorney fees in the amount of $1050 Payments are to be made through the Harris County Sheriff's Department.

[Emphasis added.] This paragraph is stamped on the judgment below the judge's signature without the benefit of his signature or initials. Additionally, there is no evidence in the record to substantiate the value of the attorney's fees awarded. The record must contain evidence to support the amount of restitution. *Buehler v. State*, 709 S.W.2d 49, 52 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ Tex.Const. art. II, sec. 1, provides that the government of Texas is divided into three distinct departments, and that no department shall exercise the authority vested in another unless expressly permitted. The Court of Criminal Appeals has held that "the decision to grant parole, if and when made, is beyond the province of the [Judicial Department] ... and is exclusively a matter within the [Executive Department], under proper regulation by the [Legislative Department]." *Heredia v. State*, 528 S.W.2d 847, 853 n. 4 (Tex.Crim. App.1975).

Legislative regulation under Tex.Code Crim.P.Ann. art. 42.18 § 8(g)(1) (Vernon Supp.1988) provides:

The Board may adopt such other reasonable rules as it may deem necessary with the respect to the eligibility of prisoners for parole and mandatory supervision ... or conditions to be imposed upon parolees and persons released to mandatory supervision.... The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment, and shall require reasonable progress toward restitution or reparation. The Board *may* include as a condition of parole that the prisoner pay any fine, cost, or fee, including a fee paid to a county-paid public defender or appointed counsel ... that is imposed on the prisoner in the prisoner's sentence.

[Emphasis added.]

Under the statute, only the Parole Board has the authority to condition appellant's parole. The trial court had no authority to place this condition on appellant's parole, and erred in doing so. *See Swope v. State*, 723 S.W.2d 216, 229–30 (Tex.App.—Austin 1986, no pet.); *Buehler v. State*, 709 S.W. 2d at 51–53.

Appellant's fifth point of error is sustained. The judgment is reformed to delete the following paragraph:

Further it is the order of the Court that as a condition of the Defendant's parole that he make restitution to Harris County Texas for appointed attorney fees in the amount of $1050 Payments are to be made through the Harris County Sheriff's Department.

In all other respects, the judgment of the trial court is affirmed.