**Espiridion David VARGAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–00941–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1992.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Glenn Gotschall, Asst. Dist. Attys., for appellee.

Before COHEN, SAM BASS and WILSON, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of capital murder, and assessed his punishment at confinement for life. We affirm the judgment as reformed.

The complainant was found dead in her apartment. Her body exhibited numerous bruises and stab wounds. The cause of death was one stab wound to the upper right chest and another to the neck. There were blood stains and signs of a struggle throughout the apartment. The phone cord was cut.

The next day, appellant was seen driving the complainant's car. The police found appellant's fingerprints in the complainant's apartment and on her car. The police arrested appellant within three days of the murder, and obtained a written confession. When arrested, appellant had marks on his chest and back consistent with having been scratched by fingernails during a struggle. The police found clothing in appellant's residence and in a dumpster near the complainant's apartment that connected appellant to the crime.

Appellant presented no defense.

The jury was instructed on capital murder, murder, voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, burglary of a habitation, and robbery.

■ The first point of error asserts the trial court erred by admitting evidence that the police possessed appellant's fingerprints before his arrest. ·

A fingerprint expert testified, over objection, that the day before appellant's arrest, he compared fingerprints from the crime scene with appellant's known fingerprints. Appellant contends this showed an extraneous offense, by informing the jury there was a prior crime for which his fingerprints were on file. We disagree.

Proof of a fingerprint record is not proof of a prior offense. *Bundren v. State*, 152 Tex.Crim. 45, 211 S.W.2d 197, 199–200 (App.1948); *see Stephenson v. State*, 494 S.W.2d 900, 907 (Tex.Crim.App.1973). Consequently, the trial court did not err.

The first point of error is overruled.

■ Appellant's second and third points of error assert: (1) the jury instructions egregiously harmed him by not requiring the jury to find appellant voluntarily caused the complainant's death because some evidence showed appellant's conduct was involuntary, and (2) the jury instructions egregiously harmed him by misleading the jury to believe that it could not find appellant guilty of burglary or robbery, even if it believed appellant's conduct was involuntary.

Appellant did not make these objections at trial; therefore, he must show both error and "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g).

Appellant argues the voluntariness issue was raised by his written statement that he accidentally stabbed the complainant:

So I went over to the [complainant's apartment]. The front door was locked. I picked the lock, it took me 30 minutes. I started looking around downstairs. It was dark, but I could see what was there. I picked up a knife from a little desk in the front room. I don't remember what the knife looked like, but it looked good, I was going to keep it. The knife was laying there with a spoon and a fork, on a plate. I spent a little more time downstairs looking around going from room to room and then I went upstairs. When I went upstairs and started going in one direction when the [complainant] jumped me from behind and scratched my back. I turned around and *I accidentally stabbed her.* Then we started fighting, I was blocking her from hitting me. While we were fighting she slipped while I had both arms around her and her night gown came off. The night gown was all she had on. We went from room to room till we would (sic) up in the bedroom. We were fighting on the bed and she fell off the bed. She sort of pushed herself up on her arms and then she started twitching.

(Emphasis supplied.)

We overrule this point for several reasons. First, the jury charge gave the jury ample discretion to find for appellant if it believed he acted involuntarily. It could have convicted him of a lesser included offense, such as involuntary manslaughter or criminally negligent homicide. Instead, the jury found at the guilt/innocence stage that appellant acted intentionally, i.e., that, as stated in the charge, it was his "conscious desire" to kill. The jury found at the punishment stage that appellant acted "deliberately." Thus, the jury charge adequately protected appellant's rights. Given two opportunities to find that appellant did

not intend to kill, the jury twice found that he did. In view of the entire charge, the two verdicts, and the evidence of multiple stab wounds and bruises on the complainant's body, there is no egregious harm because there is no likelihood that a different charge would have led to a different result.

The second and third points of error are overruled.

■ Appellant's fourth and fifth points of error assert the trial court erred in overruling his request that the verdict form require the jury to unanimously agree on one theory of capital murder, either murder during robbery or murder during burglary.

The jury charge permitted the jury to convict appellant of capital murder if he intentionally killed the complainant by stabbing her with either a knife or an unknown sharp object, while in the course of committing, or attempting to commit, either robbery or burglary. *See* TEX. PENAL CODE ANN. §§ 19.02(a)(1), 19.03(a)(2) (Vernon 1989). The trial court denied appellant's request for a special verdict, one requiring the jury to unanimously agree on one particular means that he committed capital murder. The jury returned a general verdict of guilty of capital murder "as charged in the indictment."

Texas law requires a general verdict. TEX.CODE CRIM.P.ANN. art. 37.07, § 1(a) (Vernon 1981). Appellant relies on *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977). In *Schad v. Arizona*, —— U.S. ——, 111 S.Ct. 2491, 2498–99, 115 L.Ed.2d 555 (1991), the United States Supreme Court disapproved of *Gipson*. The court in *Schad* approved a general verdict in a murder prosecution where the jury charge allowed conviction for either premeditated murder or murder during a robbery. The difference between those two kinds of murder is greater than the difference between the options before this jury. We conclude there is no requirement for a special verdict like the one appellant requested. *Aguirre v. State*, 732 S.W.2d 320, 325–26

(Tex.Crim.App.1987) (op. on reh'g); *Williams v. State*, 720 S.W.2d 236, 238 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd), *cert. denied*, 484 U.S. 833, 108 S.Ct. 109, 98 L.Ed.2d 69 (1987).

The fourth and fifth points of error are overruled.

■ Appellant's sixth point of error asserts the trial court erred in ordering him, as a condition of parole, to repay Harris County for court-appointed attorney's fees.

■ The State argues appellant waived this contention by failing to object in the trial court. We disagree. Appellant's contention raises a separation of powers issue, i.e., that parole is the exclusive concern of the executive department of government, and therefore, the judicial department may not put conditions on the exercise of that authority. This is a jurisdictional issue that may be raised on appeal without a trial court objection. *Rose v. State*, 752 S.W.2d 529, 552–53 (Tex.Crim.App.1987) (op. on reh'g); *Buehler v. State*, 709 S.W.2d 49, 51–52 (Tex.App.—Houston [1st Dist.] 1986, no pet.).

The pertinent statute is TEX.CODE CRIM. P.ANN. art. 42.18, § 8(g).[1] It gives only the parole board the authority to condition appellant's parole. *See Gallegos v. State*, 754 S.W.2d 485, 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Buehler*, 709 S.W.2d at 51–52. The trial court had no authority to order the parole board to set conditions on appellant's parole. *Buehler*, 709 S.W.2d at 51–52. The trial court's judgment will be reformed to delete the paragraph ordering appellant, as a condition of parole, to repay Harris County for court-appointed attorney's fees.

The appropriate remedy is to reform the judgment to reflect that the trial court established the sum of $13,744.00 as restitution to be paid for the court-appointed attorney's fees. *Swope v. State*, 723 S.W.2d 216, 229 (Tex.App.—Austin 1986), *aff'd*, 805 S.W.2d 442 (Tex.Crim.App.1991);

---

1. Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 5.01, 1989 Tex.Gen.Laws 3471, 3536, 3539–40 (current version at TEX.CODE CRIM.P.ANN. art. 42.-18, sec. 8(g) (Vernon Supp.1992), eff. June 15, 1989).

*accord Buehler,* 709 S.W.2d at 52–53. In *Swope,* the trial court ordered the defendant, as a condition of parole, to pay restitution to the victim's estate. *Swope,* 723 S.W.2d at 229. The court held that the trial court could establish an appropriate sum for restitution, but it must leave to the parole board the discretion to require restitution, as a condition of parole, within the sum initially established by the trial court. *Id.* at 229–30. The Austin Court of Appeals then deleted the trial court's order conditioning parole upon restitution. *Id.* at 230. This remedy is appropriate because article 42.18, section 8(g), allows the parole board to set any conditions upon parole that a trial judge could set on a probationer under article 42.12. Those conditions include restitution for court-appointed counsel fees. TEX.CODE CRIM.P.ANN. art. 42.12, § 11(a)(11) (Vernon Supp.1992).

Appellant's sixth point of error is sustained. The judgment is reformed to delete the following paragraph:

> Further it is the order of the Court that as a condition of the Defendant's parole that he is to make restitution to Harris County, Texas for appointed attorney fees in the amount of $13,744.00. Payments are to be made through the Harris County Sheriff's department.

*See Gallegos,* 754 S.W.2d at 489. The judgment is further reformed by the addition of the following paragraph:

> The trial court has established the sum of $13,744.00 as expenses incurred by Harris County for court-appointed counsel in this case and finds that the parole board should require defendant to make restitution of that amount as a condition of parole.

As reformed, the judgment is affirmed.