Opinion issued on May 27, 2004.




 


 

  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00999-CR
         
____________
 
JOSE ALFREDO CAVALIERE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 891143
 

 
 
MEMORANDUM OPINION
 
          Appellant, Jose Alfredo Cavaliere, Jr., without an agreed recommendation by
the State, pleaded guilty to the felony of delivery of a controlled substance,
methamphetamine. After a pre-sentence investigation (PSI) report was prepared, the
trial court sentenced appellant to 20 years’ confinement and a fine of $10,000.
            Appellant’s court-appointed appellate counsel filed a brief in which she
expressed her opinion that the appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967),
by presenting a professional evaluation of the record and advancing arguable grounds
of error on appeal. Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).
A copy of counsel’s brief was delivered to appellant, who filed a pro se brief. 
          In four issues, appellant contends that (1) his plea was involuntary because the
trial court failed to inform him of the possibility of restitution, (2) the trial court erred
in ordering restitution, (3) his plea was involuntary because the State failed to comply
with promises made to him regarding his plea, and (4) the trial court erred in
considering his socio-economic status during the sentencing hearing. We affirm.
Background
          Appellant pleaded guilty to delivery of a controlled substance, without an
agreed recommendation by the State. At a sentencing hearing, appellant was
admonished of the range of punishment. The trial court informed appellant that the
range of punishment for delivery of more than 200 grams and less than 400 grams of
methamphetamine is confinement for life or for a term of not less than 10 years or
more than 99 years and a fine not to exceed $100,000. After accepting appellant’s
plea and announcing his sentence, the trial court stated that it was “[a]lso going to
recommendation [sic] as a condition of parole you make restitution of $37,000 to
Heidi Knight.”


 This recommendation was not placed in the judgment.
Voluntariness of PleaIn his first and third issues, appellant argues that his guilty plea was
involuntary because (1) the trial court erred by failing to inform him of the possibility
of restitution and (2) the State failed to comply with promises made to him regarding
his plea.
          The voluntariness of a guilty plea is determined by the totality of the
circumstances. Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986);
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). When the record shows that the defendant was properly admonished before the
trial court accepted the guilty plea, a prima facie case is made that a plea was
voluntarily and knowingly entered. Mallett v. State, 65 S.W.3d 59, 64 (Tex. Crim.
App. 2001). The burden then shifts to the defendant to show that he entered his plea
without understanding the consequences of the plea. Fuentes v. State, 688 S.W.2d
542, 544 (Tex. Crim. App. 1985). Once the defendant attests that he understands the
nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal
that his plea was involuntary. Edwards, 921 S.W.2d at 479. A plea will be declared
involuntary only if the appellant affirmatively shows that the court’s admonishments
left him unaware of the consequences of his plea and that he was misled or harmed.
Ex parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). 
          Appellant initialed the admonishment sheet acknowledging that (1) he was
charged with delivery of a controlled substance, namely methamphetamine, weighing
less than 400 grams and more than 200 grams, (2) he was mentally competent, (3) he
understood the nature of the charge, (4) he understood the admonishments, (5) he
understood the consequences of his plea, (6) he understood the English language, and
(7) he freely and voluntarily made his plea. These statements are prima facie
evidence that appellant knowingly and voluntarily entered his guilty plea. See Ex
Parte Williams, 704 S.W.2d at 775. The burden is now on appellant to show that he
did not understand the consequences of the plea. See Fuentes, 688 S.W.2d at 544. 
            First, appellant argues that his plea was involuntary because the court failed to
admonish him regarding the possibility of restitution as a condition of parole in
violation of Article 26.13. We disagree.
          Article 26.13 provides that the court “shall admonish the defendant of the range
of punishment attached to the offense.” Tex. Code Crim. Proc. Ann. art. 26.13(a)
(Vernon Supp. 2004). Further, when a defendant pleads guilty, a trial court only
needs to advise a defendant of the direct, not the collateral, consequences of his plea. 
See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Article 26.13 
does not require the court to admonish defendants regarding possible or
recommended conditions of parole that may ultimately be imposed by the Board of
Pardons and Parole. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004)
(listing admonishments required before a trial court may accept a guilty plea). 
          Accordingly, we overrule appellant’s first issue.
          Next, appellant argues that his plea was involuntary because the State did not
comply with certain promises allegedly made to him as a condition of his plea. We
disagree.
          Appellant argues that the State promised to dismiss his delivery charge


 and “to
take care” of his child support charges if he identified his co-conspirator and pleaded
guilty. However, during the PSI hearing, when the trial court asked appellant if
anyone promised, threatened, or coerced appellant to get him to plead guilty to his
charges, appellant replied, “No, your honor.” The only evidence in the record thus
reflects that no promises were made to appellant. Accordingly, appellant has brought
forth no evidence indicating that he did not understand the consequences of his plea
or requiring a separate hearing to be held regarding his plea. Appellant has failed to
sustain his burden, and we overrule appellant’s third issue.



Restitution
          In his second issue, appellant argues that the trial court erred because it did not
have authority to order restitution as a condition of parole, and, furthermore,
“restitution did not have a factual basis within the loss of any victim of the offense
charged.” 
          We review challenges to restitution orders under an abuse of discretion
standard. Cartwright v. State, 605 S.W.2d 287, 288 (Tex. Crim. App. 1980); Uresti
v. State, 98 S.W.3d 321, 337 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The
court abuses its discretion when it acts in an arbitrary or unreasonable manner. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 
          A trial court has no authority to order restitution as a condition of parole. 
Vargas v. State, 830 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1992 pet.
ref’d). The authority to place conditions on a defendant’s parole is solely within the
purview of the Board of Pardons and Parole. Tex. Code Crim. Proc. Ann. art. 42.18
§ 8(g) (Vernon Supp. 2004); Gallegos v. State, 754 S.W.2d 485, 489 (Tex.
App.—Houston [1st Dist.] 1988, no pet.). 
          However, here, the trial court did not order restitution as a condition of parole. 
The trial court orally stated that it was going to make a recommendation of restitution
as a condition of parole, but the court did not enter any written order for restitution. 
Accordingly, the trial court did not abuse its discretion in making a recommendation
as to a condition of parole. See McNeill v. State, 991 S.W.2d 300, 302 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d).
          We overrule appellant’s second issue.
Socio-economic Status
          In his fourth issue, appellant contends that the trial court erred in considering
his socio-economic status during sentencing. 
          To preserve error on appeal, the complaining party must make a timely
objection. Tex. R. App. P. 33.1(a). Here, appellant’s trial counsel objected to the PSI
report because extraneous acts were included in the report and not because of any
reference to appellant’s socio-economic status. Therefore, any objection to the
contents of the PSI report regarding appellant’s socio-economic status is waived. 
See id.
          We overrule appellant’s fourth issue.
 
Other Issues
          Finally, by merely mentioning their possible existence in his brief, appellant
attempts to present the following issues on appeal: entrapment, a violation of his
allocution rights, ineffective assistance of trial and appellate counsel, and that his
conviction should be overturned because “Harris County’s system for providing
indigent offenders with representation ensures sub par representation at best.”
However, because appellant, by his own admission, did not brief these issues, they
are waived, and we do not reach them. See Tex. R. App. P. 38.1(h).
 
 
 
 
 
 
 
 
 
 
 
Conclusion
           We affirm the judgment of the trial court. We grant appellate counsel’s motion
to withdraw.


 See Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); 
Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). 
 
George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.
Do Not Publish. Tex. R. App. P. 47.4.