ERIN DANIEL SLAUGHTER V. STATE





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-050-CR
        
                                                2-04-051-CR
 
 
ERIN 
DANIEL SLAUGHTER                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Erin Daniel Slaughter appeals the trial court’s judgment ordering him to pay, 
as a condition of parole, reparations of $2,600 for appointed counsel fees.  
Because the trial court lacked authority to order reparations as a condition of 
parole, and because the record does not reflect that the trial court determined 
that Appellant was able to pay the appointed counsel fees, we will delete the 
reparation language and affirm the trial court’s judgment as reformed.
        Appellant 
entered open pleas of guilty to evading arrest and bail jumping.  The trial 
judge assessed punishment at eighteen months’ state jail confinement on the 
evading arrest conviction and four years’ confinement in the institutional 
division of the Texas Department of Criminal Justice on the bail jumping 
conviction.  Furthermore, the trial court’s judgment on the bail jumping 
offense ordered Appellant to pay, as a condition of parole, reparations of 
$2,600 for appointed counsel fees.  The judgment also ordered Appellant to 
pay $2,600 in appointed counsel fees to the district clerk under article 26.05 
of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.05 
(Vernon Supp. 2004-05).
        In 
a single point, Appellant argues that the trial court erred when it ordered him 
to pay court-appointed counsel fees as a condition of parole.  Appellant 
first argues that the trial court violated separation-of-powers principles 
because the responsibility of setting conditions of parole lies with the parole 
board, not the courts.
        Article 
IV of the Texas Constitution gives the state legislature the authority to 
establish a Board of Pardons and Paroles. Tex. Const. art. IV, § 11. In turn, the 
legislature has charged the Board of Pardons and Paroles, not the trial court, 
with the responsibility of imposing conditions of parole.  See Tex. Gov’t Code Ann. § 508.221 
(Vernon 2004); Vargas v. State, 830 S.W.2d 656, 658-59 (Tex. 
App.—Houston [1st Dist.] 1992, pet. ref'd) (interpreting predecessor to 
section 508.221 as limiting the power of the trial court over the Board under a 
separation-of-powers rationale).[2]  Because a 
parole panel may impose as a condition of parole any condition that a court 
could impose on a defendant placed on community supervision, if Appellant is 
paroled, the parole panel may require him to reimburse Tarrant County for 
compensation paid to his appointed counsel.  See Tex. Gov’t Code Ann. § 508.221; Tex. Code Crim. Proc. Ann. art. 42.12 
§ 11(a)(11).  The trial court may determine the dollar amount of that 
reimbursement, state that amount in the judgment, and recommend that Appellant 
pay that amount to the county as a condition of parole, but it does not have the 
authority to require reimbursement as a condition of parole.  Cf. 
Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that 
the trial court may fix the amount of restitution that is just, and the parole 
panel may use this amount in ordering restitution as a condition of parole).
        The 
State acknowledges that the trial court had no authority to impose reimbursement 
as a condition of parole, but it argues that we should reform the judgment 
merely by deleting the words “as a condition of parole,” leaving the $2,600 
amount fixed by the trial court in the judgment.  Appellant argues that the 
trial court did not make a finding that he was able to pay the ordered amount 
and that, consequently, we should strike the entire condition from the judgment.
        The 
trial court’s authority to order reimbursement of appointed counsel fees is 
found in Article 26.05(g) of the Code of Criminal Procedure, which provides as 
follows:
  
If the court determines that a defendant has financial resources that enable him 
to offset in part or in whole the costs of the legal services provided, 
including any expenses and costs, the court shall order the defendant to pay 
during the pendency of the charges or, if convicted, as court costs the amount 
that it finds the defendant is able to pay.
  
Tex. Code Crim. Proc. Ann. art. 
26.05(g).  The record does not contain any such determination or finding by 
the trial court judge that Appellant has any financial resources or is “able 
to pay” the $2,600 in appointed counsel fees.  The record does, however, 
contain the trial court’s finding that Appellant is indigent, the trial 
court’s orders appointing Appellant counsel for trial and on appeal, and the 
trial court’s order granting Appellant a free reporter’s record on appeal.  
Therefore, the evidence in the record indicates not that Appellant is able to 
pay his attorney’s fees but rather that the trial court determined that he was 
indigent and too poor to employ counsel.
        The 
Texas Court of Criminal Appeals has held that a trial court may not order a 
defendant confined for failure to repay the costs of his legal defense unless 
the court considers the defendant’s ability to make the payment.  See 
Ex parte Gonzales, 945 S.W.2d 830, 834 (Tex. Crim. App. 1997) (interpreting 
predecessor to article 26.05(g)).  In so holding, the Court of Criminal 
Appeals explained that “[t]he trial court’s power to order reimbursement 
should be limited to the extent a defendant is reasonably able to do so.” Id. 
Here, the record does not reflect that the trial court had any evidence before 
it that Appellant was “reasonably able” to repay his appointed counsel fees.  
Rather, the record indicates the opposite — that Appellant was appointed 
counsel at trial and on appeal because he was indigent and unable to pay for 
legal representation on his own.
        Therefore, 
we hold that the trial court erred by ordering reimbursement of appointed 
counsel’s fees and sustain Appellant’s issue on appeal.  Appellant asks 
us to reverse and remand for a new trial; however, if the trial court imposes an 
invalid condition in its judgment, the proper remedy is to reform the judgment 
by deleting the invalid condition.  See Belt v. State, 127 S.W.3d 
277, 280 (Tex. App.—Fort Worth 2004, no pet.).  Accordingly, we reform 
the judgment on the convicted offense of bail jumping to delete the following 
paragraphs:
 
APPOINTED COUNSEL FEES IN THE AMOUNT OF $2600.00 TO BE PAID AS A CONDITION OF 
PAROLE.
 
IT 
IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. 
PROC., ANN., ARTICLE 26.05 BE SET AT $2600.00 AND MADE PAYABLE TO AND THROUGH 
THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS.
 
        Having 
sustained Appellant’s point, we affirm the trial court’s judgment as 
reformed.
 
   
                                                          PER 
CURIAM
 
 
PANEL 
F:   MCCOY, GARDNER, and WALKER, JJ
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 27, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We recognize that if the trial court’s judgment orders the defendant to pay 
restitution to the victim of the offense and the defendant is later paroled, the 
parole panel must order the restitution ordered by the court as a condition of 
parole. Tex. Code Crim. Proc. Ann. 
art. 42.037(h). This provision is inapplicable here because the trial court 
ordered Appellant to pay appointed counsel fees, not to pay restitution to the 
victim of an offense.