ERIN DANIEL SLAUGHTER V. STATE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-050-CR

2-04-051-CR

ERIN DANIEL SLAUGHTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Erin Daniel Slaughter appeals the trial court’s judgment ordering him to pay, as a condition of parole, reparations of $2,600 for appointed counsel fees.  Because the trial court lacked authority to order reparations as a condition of parole, and because the record does not reflect that the trial court determined that Appellant was able to pay the appointed counsel fees, we will delete the reparation language and affirm the trial court’s judgment as reformed.

Appellant entered open pleas of guilty to evading arrest and bail jumping. The trial judge assessed punishment at eighteen months’ state jail confinement on the evading arrest conviction and four years’ confinement in the institutional division of the Texas Department of Criminal Justice on the bail jumping conviction.  Furthermore, the trial court’s judgment on the bail jumping offense ordered Appellant to pay, as a condition of parole, reparations of $2,600 for appointed counsel fees.  The judgment also ordered Appellant to pay $2,600 in appointed counsel fees to the district clerk under article 26.05 of the Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 26.05 (Vernon Supp. 2004-05).

In a single point, Appellant argues that the trial court erred when it ordered him to pay court-appointed counsel fees as a condition of parole.  Appellant first argues that the trial court violated separation-of-powers principles because the responsibility of setting conditions of parole lies with the parole board, not the courts.

Article IV of the Texas Constitution gives the state legislature the authority to establish a Board of Pardons and Paroles.  
Tex. Const.
 art. IV, § 11.  In turn, the legislature has charged the Board of Pardons and Paroles, not the trial court, with the responsibility of imposing conditions of parole.  
See 
Tex. Gov’t Code Ann.
 § 508.221 (Vernon 2004); 
Vargas v. State
, 830 S.W.2d 656, 658-59 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (interpreting predecessor to section 508.221 as limiting the power of the trial court over the Board under a separation-of-powers rationale).
(footnote: 2)  Because a parole panel may impose as a condition of parole any condition that a court could impose on a defendant placed on community supervision,
 if Appellant is paroled, the parole panel may require him to reimburse Tarrant County for compensation paid to his appointed counsel.  
See 
Tex. Gov’t Code Ann.
 § 508.221;
 Tex. Code Crim. Proc. Ann.
 art. 42.12 § 11(a)(11).  The trial court may determine the dollar amount of that reimbursement, state that amount in the judgment, and recommend that Appellant pay that amount to the county as a condition of parole, but it does not have the authority to 
require 
reimbursement as a condition of parole.  
Cf. Campbell v. State
, 
5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that the trial court may fix the amount of restitution that is just, and the parole panel may use this amount in ordering restitution as a condition of parole).

The State acknowledges that the trial court had no authority to impose reimbursement as a condition of parole, but it argues that we should reform the judgment merely by deleting the words “as a condition of parole,” leaving the $2,600 amount fixed by the trial court in the judgment.  Appellant argues that the trial court did not make a finding that he was able to pay the ordered amount and that, consequently, we should strike the entire condition from the judgment.

The trial court’s authority to order reimbursement of appointed counsel fees is found in Article 26.05(g) of the Code of Criminal Procedure, which provides as follows:

If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann.
 art. 26.05(g).  The record does not contain any such determination or finding by the trial court judge that Appellant has any financial resources or is “able to pay” the $2,600 in appointed counsel fees.  The record does, however, contain the trial court’s finding that Appellant is indigent, the trial court’s orders appointing Appellant counsel for trial and on appeal, and the trial court’s order granting Appellant a free reporter’s record on appeal.  Therefore, the evidence in the record indicates not that Appellant is able to pay his attorney’s fees but rather that the trial court determined that he was indigent and too poor to employ counsel.  

The Texas Court of Criminal Appeals has held that a trial court may not order a defendant confined for failure to repay the costs of his legal defense unless the court considers the defendant’s ability to make the payment.  
See Ex parte Gonzales
, 945 S.W.2d 830, 834 (Tex. Crim. App. 1997) (interpreting predecessor to article 26.05(g)).  In so holding, the Court of Criminal Appeals explained that “[t]he trial court’s power to order reimbursement should be limited to the extent a defendant is reasonably able to do so.”  
Id.
  Here, the record does not reflect that the trial court had any evidence before it that Appellant was “reasonably able” to repay his appointed counsel fees.  Rather, the record indicates the opposite — that Appellant was appointed counsel at trial and on appeal because he was indigent and unable to pay for legal representation on his own.  

Therefore, we hold that the trial court erred by ordering reimbursement of appointed counsel’s fees and sustain Appellant’s issue on appeal.  Appellant asks us to reverse and remand for a new trial; however, if the trial court imposes an invalid condition in its judgment, the proper remedy is to reform the judgment by deleting the invalid condition.  
See Belt v. State
, 127 S.W.3d 277, 280 (Tex. App.—Fort Worth 2004, no pet.).  Accordingly, we reform the judgment on the convicted offense of bail jumping to delete the following paragraphs: 

APPOINTED COUNSEL FEES IN THE AMOUNT OF $2600.00 TO BE PAID AS A CONDITION OF PAROLE.

IT IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. PROC., ANN., ARTICLE 26.05 BE SET AT $2600.00 AND MADE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS.

Having sustained Appellant’s point, we affirm the trial court’s judgment as reformed.

PER CURIAM

PANEL F: MCCOY, 
GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  January 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We recognize that if the trial court’s judgment orders the defendant to pay restitution to the victim of the offense and the defendant is later paroled, the parole panel must order the restitution ordered by the court as a condition of parole.  
Tex. Code Crim. Proc. Ann.
 art. 42.037(h).  This provision is inapplicable here because the trial court ordered Appellant to pay appointed counsel fees, not to pay restitution to the victim of an offense.