**Opinion issued October 28, 2014.**



In The

# Court of Appeals

For The

# First Trial of Texas

————————————

## NO. 01-13-00591-CR

————————————

**AMBER NICOLE DOUGHTY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Court Case No. 12-07-07650 CR**

---

## MEMORANDUM OPINION

Amber Nicole Doughty pleaded guilty to first-degree felony aggregated

theft.[1] The trial court assessed punishment at 40 years' confinement, ordered her to

pay a $10,000 fine and an additional $16,011 in court-appointed attorney's fees,

---

[1]     TEX. PENAL CODE ANN. § 31.03 (West 2011).

and placed four additional conditions on her sentence. In two issues, Doughty contends that the trial court erred by (1) issuing four "special orders" that place unauthorized conditions on her confinement and parole and (2) assessing as punishment an obligation to pay attorney's fees.

We reform the trial court's judgment and affirm the judgment as reformed.

## Background

The trial court's sentence includes four special orders that require Doughty to: (1) keep a picture of her victim and her victim's family in her cell during her incarceration; (2) cease contact with a person she is romantically interested in; (3) upon parole, wear a t-shirt stating "I AM A THIEF"; and (4) submit all of her financial information to law enforcement upon request. Doughty timely objected to the last three of the special orders.

Doughty appealed. Her original appellate counsel filed an *Anders* brief, concluding that the record revealed no error requiring appellate review. The State waived the opportunity to respond. This Court disagreed with the *Anders* brief and remanded the matter to the trial court for appointment of new counsel.

Doughty now challenges the trial court's authority to issue the four special orders and impose attorney's fees on her, an indigent defendant. The State concedes both issues.

2

**Special Orders**

In her first issue, Doughty contends that the trial court's special orders constitute a punishment beyond what is statutorily authorized.

## A. Standard of review

An unauthorized sentence is illegal and has no legal effect. *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). Whether a sentence exceeds the range of punishment authorized by statute is a question of law reviewed de novo. *See Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014); *Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). A trial or appellate court that otherwise has jurisdiction "may always notice and correct an illegal sentence." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). If the trial court imposes an unauthorized sentencing condition, the proper remedy is "to reform the judgment to delete the unauthorized condition." *Garner v. State*, 864 S.W.2d 92, 103 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

## B. Preservation of error

Doughty timely objected to three of the four special orders; she failed to object to the requirement that she keep a picture of her victim in her prison cell. Doughty asserts that each special order is an illegal addition to her sentence. "Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal

3

sentence." *Mizell*, 119 S.W.3d at 806 n.6. The State concedes that Doughty did not need to make a timely objection to preserve her appeal. We agree, and therefore reach the merits of Doughty's complaint against each of the special orders, including the photograph requirement.

## C. Scope of the trial court's sentencing power

A trial court may not impose a sentence that is beyond what is statutorily authorized for a particular offense. *See Gallegos v. State*, 754 S.W.2d 485, 489 (Tex. App.—Houston [1st Dist.] 1988, no pet.). The Legislature has specifically defined "the allowable range of punishment for a given offense" that a trial court may assess for aggregated theft. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) ("[E]very option available to the court is narrowly identified on the face of the statute."). The Texas Penal Code authorizes the trial court to assess punishment for first-degree felony convictions of confinement for not more than 99 years or less than 5 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011). If the trial court assesses a punishment that is not permitted by statute, the sentence is "unauthorized" and "illegal." *See Mizell*, 119 S.W.3d at 806.

The Texas Department of Criminal Justice ("TDCJ"), an executive-branch agency, "shall operate and manage the state prison system." *See* TEX. GOV'T CODE ANN. § 493.004 (West 2012). Additionally, TDCJ has the exclusive authority to

manage inmates' parole. *See* TEX. GOV'T CODE ANN. § 493.005 (West 2012) ("The pardons and paroles division shall supervise and reintegrate felons into society after release from confinement."); *see also* TEX. GOV'T CODE ANN. § 508.0441(a) (West 2012) ("Board members and parole commissioners shall determine . . . conditions of parole . . . ."); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. struck) (parole board has sole authority to place conditions on parole).

**D.     The special orders go beyond the trial court's authority**

The trial court's special orders impose conditions upon Doughty's confinement and parole. The State concedes that the conditions were unauthorized by statute and should be deleted from the judgment. *See Tufele v. State*, 130 S.W.3d 267, 273 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

In *Tufele*, the trial court ordered the defendant to display two photographs of the victim in his jail cell for the duration of his confinement. *Id.* at 272. The defendant argued on appeal that the confinement condition exceeded the trial court's authority. *Id*. at 273. The appellate court agreed that the condition was not within the statutory range of punishment for the crime and that the condition was illegal and void. *Id*.

In this case, as in *Tufele*, the trial court exceeded its authority by imposing a sentence beyond the range of punishment authorized by the Legislature. The four

special orders are unauthorized conditions on Doughty's sentence and are void.[2] Accordingly, we reform the judgment, striking the four special orders.

## Attorney's Fees

In her second issue, Doughty contends that repayment of court-appointed attorney's fees is not authorized because she is indigent and the State presented no evidence indicating that she had the ability to pay, as required under Article 26.05(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014) (requiring trial court to find that "defendant has financial resources that enable him to offset . . . the costs of the legal services provided . . .").

### A.  Standard of review

We review the assessment of court costs, including court-appointed attorney's fees, to determine if a basis exists for the award. *See Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014). If there is no basis in the record to support assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by striking the court-appointed attorney's fees. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

---

[2]  Doughty further urges us to find that the trial court violated the separation-of-powers clause of the Texas Constitution. Because we find that the four special orders constitute a sentence not authorized by law, we do not reach the merits of Doughty's constitutional claim.

**B.      Assessment of court-appointed attorney's fees**

An indigent defendant is entitled to have an attorney appointed to represent her in criminal proceedings at no cost. TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2005). Once the court determines that a defendant is indigent, the defendant is presumed to remain indigent for the duration of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2013); *Cates*, 402 S.W.3d at 251–52. A material change in the defendant's financial circumstances must occur to overcome this presumption. TEX. CODE CRIM. PROC. ANN. art. 26.04; *Cates*, 402 S.W.3d at 251–52. If the trial court later finds that the defendant has resources to pay the court-appointed attorney's fees, the court may order her to do so. TEX. CODE CRIM. PROC. ANN. art. 26.05(g).

The trial court determined that Doughty was indigent and appointed counsel on her behalf. The State concedes that the record does not show that at the time of judgment Doughty was capable of paying the cost for her appointed counsel. Thus, there is no evidence to overcome the presumption of Doughty's continuing indigence. An order to pay for an attorney violates an indigent defendant's right to cost-free legal counsel. Accordingly, we reform the judgment, striking the order to repay court-appointed attorney's fees.

**Conclusion**

We sustain both of Doughty's issues. We reform the trial court's judgment by striking the four special orders and the order to pay attorney's fees. We affirm the judgment as reformed.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).