ACCEPTED
12-15-00145-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/22/2015 10:31:04 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NOs. 12-15-00145-CR and
12-15-00147-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

9/22/2015 10:31:04 PM

PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

BRITTANY BARRETT,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBERS 114-0873-12 and 114-0875-12
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Brittany Barrett

APPELLANT'S TRIAL COUNSEL:
    Walter Nicholson
    PO Box 1811
    901 North Perry
    Palestine, Texas 75802
    903-729-5400

    Brent Ratekin
    422 S. Spring
    Tyler, Texas 75702
    903-595-1516

    Norman Ladd
    235 S. Broadway, Suite 200
    Tyler, Texas 75702
    903-705-7211

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jacob Putman
    Whitney Tharpe
    Chris Gatewood
    Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Issue One, The evidence is legally insufficient to support
the final judgments assessing restitution in each case. . . . . . . . . . . . . 4

    A. Standard of Review and Applicable Law. . . . . . . . . . . . . . . . 4
    B. Analysis of Relevant Facts. . . . . . . . . . . . . . . . . . . . . . . . . 6
    C. Discussion and Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. art. 42.037 (West 2011). . . . . . . . . . . . .  5

TEX. PENAL CODE ANN. §22.01(a)(2) (West 2011). . . . . . . . . . . . . . . . . . 3

TEX. PENAL CODE ANN. § 22.02 (West 2011).. . . . . . . . . . . . . . . . . . . . 2, 3


CASES

Alexander v. State, 301 S.W.3d 361 (Tex. App. – Fort Worth
    2009, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Barton v. State, 21 S.W.3d 287 (Tex. Crim. App. 2000).. . . . . . . . . . . . 9

Beedy v. State, 250 S.W.3d 107 (Tex. Crim. App. 2008). . . . . . . . . . . . 9

Buehler v. State, 709 S.W.2d 49 (Tex. App. – Houston [1st Dist.]
    1986, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Burt v. State, 445 S.W.3d 752 (Tex. Crim. App. 2014). . . . . . . . . . . . . 9

Cabla v. State, 6 S.W.3d 543 (Tex. Crim. App. 1999). . . . . . . . . . . . . . 5

Carillo v. State, 98 S.W.3d 789 (Tex. App. – Amarillo 2003, pet. ref'd).  8

Cartwright v. State, 605 S.W.2d 287 (Tex. Crim. App. 1980). . . . . . . . . 5

Davis v. State, 968 S.W.2d 368 (Tex. Crim. App. 1998).. . . . . . . . . . . . 4

Martin v. State, 874 S.W.2d 674 (Tex. Crim. App. 1994). . . . . . . . . . . . 6

McGill v. State, No. 06-10-00184-CR, 2011 Tex. App. LEXIS 6767
    (Tex. App. – Texarkana 2012, no pet.).. . . . . . . . . . . . . . . . . . . . . . 8

McGill v. State, No. 12-11-00387-CR, 2012 Tex. App. LEXIS 7453 (Tex.
App. – Tyler 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Taylor v. State, 131 S.W.3d 497 (Tex. Crim. App. 2004). . . . . . . . . . . . 5


RULES

Tex. R. App. P. 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P. 43.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

| | | |
|---|---|---|
| BRITTANY BARRETT, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Brittany Barrett ("Appellant"), by and through her attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by felony indictment in Smith County cause numbers 114-0873-12 and 114-0875-12 with the felony offenses of

aggravated arrest. TEX. PENAL CODE ANN. §22.02 (West 2011). I CR-A 1 and I CR-C 1[1]. This is one of three cases which all occurred at the same time and have been given sequential cause numbers by both the trial court and this Court. A separate Brief has been submitted in 12-15-00146-CR.

Following a plea agreement, the court placed Ms. Barrett on ten years deferred adjudication supervision. I CR-A 34-35; I CR-C 42-43; III RR 12-13.[2] In each case a First Amended Application to Proceed to Final Adjudication was filed. I CR-A 71-77; I CR-C 66-71. Ms. Barrett entered a plea of true to each allegation. I CR-A 86; I CR-C 78; VI RR 12-20. Following evidence and argument, the trial court proceeded to final adjudication, found Ms. Barrett guilty of the offense. VI RR 61-62. Following argument, the court assessed a fifteen year sentence in this case. VI RR 65. This brief is timely filed on or before September 23, 2015.

---

[1] References to the Clerk's Record are made using "CR" with a roman numeral preceding "CR" designating the correct volume and an arabic numeral following specifying the correct page. For the convenience of the court, CR-A for appeal number 12-15-00145-CR, trial Court 114-0783-12 and CR-C for appeal number 12-15-00147-CR and 114-0875-12.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

## ISSUE PRESENTED

Issue One: The evidence is legally insufficient to support the final judgments assessing restitution in each case.

## STATEMENT OF THE FACTS

Appellant was charged by felony indictment in Smith County cause numbers 114-0873-12 and 114-0874-12 and charged with the felony offenses of aggravated assault. TEX. PENAL CODE ANN. §22.02(a)(2) and 22.01 (a)(2) (West 2011); I CR-A 1; I CR-B 1. The indictments alleged that Ms. Barrett committed an aggravated assault against Patricia Crockett and Terrell Brown on May 14, 2012 by striking them with a motor vehicle while using or exhibiting a deadly weapon. Id. This case is related to appeal number 12-15-0146-CR involving a third complainant in a separate brief.

Ms. Barrett entered a plea of guilty, pursuant to an agreement to receive ten years deferred adjudication supervision. I CR-A 42; I CR-C 31; II RR 17. The court accepted the plea agreement. III RR 12-13. The State filed an amended application to proceed to final adjudication alleging a

3

number of violations. I CR-A71-77; I CR-C 66-71. Ms. Barrett entered a plea of true to each paragraph. I CR-A 86; I CR-C 78; VI RR 12-20. Following evidence and argument of counsel, the court found Ms. Barrett guilty of the offense. VI RR 61-62. Following argument, the court imposed a fifteen year sentence with no fine. VI RR 65; I CR 73-74. This appeal follows.

SUMMARY OF ARGUMENT

The trial court erred by including restitution amounts in the judgments in each case when there was legally insufficient evidence to support those findings.

ARGUMENT

Issue One, Restated: The evidence is legally insufficient to support the final judgments assessing restitution in each case.

A. Standard of Review and Applicable Law

When an accused receives deferred adjudication, no sentence is imposed. Davis v. State, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998);

4

<u>Alexander v. State</u>, 301 S.W.3d 361, 363-64 (Tex. App. – Fort Worth 2009, no pet.). If an accused violates a condition of supervision, the court may proceed to adjudicate guilt and assess punishment. <u>Taylor v. State</u>, 131 S.W.3d 497, 499 (Tex. Crim. App. 2004). While a sentencing court may order the defendant to make restitution, there are limits. Restitution must be made to a victim of the offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West 2010). The burden of proving the amount of the loss sustained is on the states. See <u>id.</u> Art. 42.037(k).

Due process considerations limit the restitution can order in three ways: (1) the amount must be just and supported by the record; (2) the restitution ordered must be for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the defendant is charged. <u>Cabla v. State</u>, 6 S.W.3d 543, 5446 (Tex. Crim. App. 1999).

Additionally, there must be evidence in the record to support an amount of restitution. <u>Buehler v. State</u>, 709 S.W.2d 49, 52 (Tex. App. – Houston [1ˢᵗ Dist.] 1986, pet. ref'd). In fact, the amount of restitution must be just, and it must have a factual basis within the loss of the victim. <u>Cartwright v. State</u>, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). A court

cannot order restitution to any but the victim or victims of the offense or reimbursement for expenses incurred by the crime victim's compensation fund with which the offender is charged. Martin v. State, 874 S.W.2d 674, 679-80 (Tex. Crim. App. 1994).

The Court of Appeals has the authority to modify incorrect judgments when the necessary information is available to do so. TEX. R. APP. P. 43.2(b).

B.    Analysis of Relevant Facts

In the first case, listing Patricia Crockett as the complainant, on September 5, 2010, the trial court imposed the ten years deferred adjudication and determined that restitution would be determined. I CR-A 34-35. On November 27, 2012, the court amended the conditions in this case and included $731.96 to East Texas Medical Center - Emergency Medical Service (ETMC-EMS) and $853.75 to East Texas Medical Center, totaling $1,567.71. I CR-A 53. The final judgment orders $1,232.71 payable to ETMC. I CR-A 80. The judgment also incorporates an order to the Texas Department of Criminal Justice ordering withdrawal from

6

Ms. Bennett's inmate trust account. I CR-A 83. However, the only support in the record for any restitution is $818.69 to be paid to the Texas Crime Victims Compensation Fund in this case. CR-PSI 74, 75, 77.[3]

In the third case involved, Mr. Terrell Brown is listed as the complainant. I CR-C 1. The order placing Ms. Barrett under supervision on September 5, 2012 orders an amount of restitution to be determined. I CR-C 42-43. On November 3, 2012, an order amending the terms of supervision was entered ordering payment of $68,662.15 to be paid to Mother Francis Hospital. I CR-C 51. The record is devoid to any reference supporting any amount to be paid to the Trinity Mother Francis Health System.

In both of the cases, the presentence investigation was designated to be part of the record. I CR-A 94-95, line 20; I CR-C 89-90, line 20.

C.    Discussion and Analysis

While the Texas Crime Victims Compensation Fund is able to

---

[3] In each of the three cases a presentence investigation report was prepared and ordered to be made part of the Clerk's Record. The same document was filed in each of Ms. Barrett's three appellate cases. References to this portion of the record, which must be viewed by counsel at the Court of Appeals is designated CR-PSI.

receive restitution, it must be supported by the record. Here, the only support in the record regarding restitution is for $818.69. <u>Martin</u>, 874 S.W.2d at 670-80. That amount does not match the amount in the judgment involved. I CR-A 80.

This trial court has previously entered an order related to the payment of restitution funds to the ETMC-EMS. <u>McGill v. State</u>, No. 06-10-00184-CR, 2011 Tex. App. LEXIS 6767 (Tex. App. Texarkana 2012, no pet.).[4] The Texarkana court determined that the EMS provider was not within the range of allowable parties entitled to restitution under the Code of Criminal Procedure. Following remand the restitution portion to ETMC-EMS was eliminated and the judgment affirmed. <u>McGill v. State</u>, No. 12-11-00387-CR, 2012 Tex. App. LEXIS 7453 (Tex. App. – Tyler 2012, no pet.). If any part of the restitution ordered was to be distributed to ETMC-EMS, it is error at a minimum the judgment should be modified to reflect only the restitution of $618.69 to the Crim Victims Compensation Fund.

The other option would be to remand the cases to the trial court to

---

[4]Although unpublished cases have no precedential value, the court may take guidance from them "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App. – Amarillo 2003, pet. ref'd).

8

determine the correct amount of restitution and to determine if there is any legally sufficient evidence to determine the amount of restitution. Burt v. State, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014); Barton v. State, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). In an aggravated assault, it is certainly possible for restitution to be owed. The trial court was authorized to order restitution, the only defect present is a lack of support in the record. Beedy v. State, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008).

## CONCLUSION

In these cases, neither amount of restitution ordered is supported by the record. Ms. Barrett seeks modification of the judgment in 114-0873-12 to an amount of $818.69 payable to the Texas Crime Victim's Compensation Fund and modification in 114-0875-12 to reflect no restitution owed. In the alternative, Ms. Barrett seeks the judgment in each case as reflected in the amount of restitution to be vacated and the causes remanded.

9

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment in each case or vacate and remand to the trial court.


Respectfully submitted,

 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 22nd day of September, 2015.

Attorney for the State:

Mr. Mike West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,272 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler

James W. Huggler, Jr.