ACCEPTED
12-16-00102-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/6/2016 9:43:02 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-16-00102-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/6/2016 9:43:02 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

EDDIE JACKSON,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-0111-14
FROM THE 7th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Eddie Jackson

APPELLANT'S TRIAL COUNSEL
    Kurt Noell (At trial)
    231 S. College
    Tyler, Texas 75702
    903-597-9069

    O.W. Loyd (At adjudication)
    1507 Frost Street
    Gilmer, Texas 75644
    903-843-3469

    John Jarvis (At revocation)
    326 S. Fannin
    Tyler, Texas 75702
    903-592-6176

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Bryan Jiral
    Brent Ratekin
    Jeff Wood
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor

Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    ISSUE ONE: The trial court erred in imposing attorney fees
    following a finding that Mr. Jackson was indigent and was
    appointed counsel.

    ISSUE TWO, There is legally insufficient evidence to support the
    restitution ordered.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . 9
    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . 11

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    B. Law Applicable to Restitution Orders. . . . . . . . . . . . . . . . . 12

C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D. Remedy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). . . . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2013). . . . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West 2014). . . . . . . . . . . 12

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2014). . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013). . . . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. § 102.021 (West 2013). . . . . . . . . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. § 103.006 (West 2015). . . . . . . . . . . . . . . . . . . . 7

TEX. PENAL CODE ANN. §32.21 (West 2013). . . . . . . . . . . . . . . . . . . . . 2, 3

## CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . 6, 7

Buehler v. State, 709 S.W.2d 49, 52 (Tex. App. – Houston [1ˢᵗ Dist.]
1986, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Cabla v. State, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999). . . . . . . . . 12

Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).  11, 13, 14

Cantrell v. State, 75 S.W.3d 503, 512 (Tex. App. – Texarkana
2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Carter v. State, No. 12-09-00105-CR, 2011 Tex. App. LEXIS 662
(Tex. App. – Tyler 2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cartwright v. State, 605 S.W.2d 287 (Tex. Crim. App.
[Panel Op] 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). . . . . . 13

Drilling v. State, 134 S.W.3d 468 (Tex. App. – Waco 2004, no pet.) 11, 13

Evans v. State, No. 12-10-00139-CR (Tex. App. – Tyler, Feb. 28, 2011) 11

Homan v. Hughes, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986). . . . . 15

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005).. . . . . . . . . 8

Idowu v. State, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002). . . . . . . . . 11

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

 61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). . . . . 7, 8

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler

 2013, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Martin v. State, 874 S.W.2d 674, 679-80 (Tex. Crim. App. 1994). . . . . 13

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . . . 5, 8

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). . . . 8

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo

 2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Riggs v. State, No. 05-05-001689-CR, 2007 Tex. App. LEXIS 2589

 (Tex. App. – Dallas 2007, no pt.). . . . . . . . . . . . . . . . . . . . . . . . . 11

Tyler v. State, 137 S.W.3d 261, 267-68 (Tex. App. – Houston

 [1st Dist.] 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . 6

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo

 2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

## RULES

TEX. R. APP. PROC. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TEX. R. APP. PROC. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. Proc. 43.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

NO. 12-16-00102-CR

| | | |
|---|---|---|
| EDDIE JACKSON | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Eddie Jackson, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

1

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 007-0111-14 and charged with the state jail felony offense of forgery. I CR 1-2[1]; see TEX. PENAL CODE ANN. §32.21 (West 2013). Mr. Jackson entered a plea of guilty pursuant to an agreement and received deferred adjudication probation. I CR 35-36; II RR 32, 39; III RR 11-12.[2]

The State filed a motion to proceed to final adjudication, Mr. Jackson entered not true pleas. I CR 47-50, 57; V RR 6-7. Following evidence and argument of counsel, the court found each allegation to be true, and placed Mr. Jackson on regular probation. I CR 60-61; V RR 73.

The State filed a motion to revoke, Mr. Jackson entered a plea to several paragraphs and not true to two paragraphs. I CR 70-75, 86; VI RR 12-13. Following evidence and argument, the trial court found each paragraph to be true, revoked the probation and sentenced Mr. Jackson

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" specifying the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

to eighteen months confinement, court costs and outstanding restitution. I CR 97-98; VI RR 47, 48-49. Notice of appeal was timely filed on April 4, 2016. I CR 81. This Brief is timely filed on or before July 7, 2016.

## ISSUE PRESENTED

ISSUE ONE: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. JACKSON WAS INDIGENT AND WAS APPOINTED COUNSEL.

ISSUE TWO: THERE IS LEGALLY INSUFFICIENT EVIDENCE TO SUPPORT THE RESTITUTION ORDERED.

## STATEMENT OF THE FACTS

Appellant was indicted in Cause Number 007-0111-14 and charged with the state jail felony offense of forgery. I CR 1-2; see TEX. PENAL CODE ANN. §32.21(b) and (d) (West 2013). Mr. Jackson entered a plea of guilty pursuant to an agreement and received three years deferred adjudication probation. I CR 22-28; II RR 32, 39; III RR 11. The State filed an application to proceed to final adjudication. I CR 47-50. Following evidence, the court found each allegation to be true, found him

3

guilty of the offense and placed Mr. Jackson on regular probation. I CR 60-61; V RR 73-74. The State then filed a motion to revoke probation. I CR 70-75. Mr. Jackson entered true pleas to most of the allegations. I CR 86; VI RR 13. Following evidence, the court found each allegation to be true and sentenced Mr. Jackson to eighteen months confinement, the balance of restitution and court costs. I CR 97-98; VI RR 47-48. Further discussion of relevant facts is included below.

## SUMMARY OF ARGUMENT

The first error for this Court to consider involves the improper assessment of court costs. The trial court improperly ordered reimbursement of attorney fees after Mr. Jackson was found to be indigent and was appointed counsel. The attorney fees were included in the judgment placing him on deferred adjudication and regular probation. The remaining issues relate to the improper assessment of restitution which was not supported by the evidence.

ARGUMENT

ISSUE ONE, RESTATED: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. JACKSON WAS INDIGENT AND WAS APPOINTED COUNSEL.

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2013). Once a defendant has been determined to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557

5

(Tex. Crim. App. 2010).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2014) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2014). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the

record, a defendant has no obligation to pay court costs. <u>Owen</u>, 352 S.W.3d at 547 (citing <u>Armstrong</u>, 340 S.W.3d at 765; <u>Williams v. State</u>, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied). In this case, no bill of costs has been included in the record prepared by the Smith County District Clerk leading to the conclusion that a bill of costs has not been prepared. I CR 89-90, line 21.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2015).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." <u>Johnson v. State</u>, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is

7

sufficient evidence offered at trial to prove each cost. <u>Johnson</u>, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

## C. Application to These Facts

Mr. Jackson has been represented at all times by appointed counsel. The record contains two different orders appointing trial counsel. I CR 46, 77. Appellate counsel was appointed for this appeal. I CR 84. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 94-96. This motion was granted by the trial court without opposition from the State of Texas. I CR 103.

The May 1, 2014 judgment and order placing Mr. Jackson on deferred adjudication included an assessment of $604.00 in court costs. I CR 35-36. The judgment from December 19, 2014 placing Mr. Jackson on probation contains an assessment of $519.00 in court costs. I CR 60-61. The final judgment signed April 15, 2016 reflects a balance of $179.00 for court costs. I CR 97-98.

Because there is no bill of costs contained in this record, Appellant's first position is that there is no evidence to support the imposition of any court costs and the judgment should be modified and deleted. As this Court is aware from dozens of other cases, some district courts have routinely assessed a $300 fee for costs of an attorney appointed after a

finding that a defendant is indigent.

There is no evidence to contest the finding that Mr. Jackson was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment probably does not include the attorney's fee, the prior orders do (I CR 30-32, line 21; I CR 54-56, line 21), and there were allegations that Mr. Jackson failed to make required financial payments for court costs and attorney fees (I CR 47-50, ¶5; I CR 70-75, ¶6). Payments were made during the deferred adjudication supervision and applied to court costs in the amount of $85.00. From the record as submitted, an additional $340 in payments were made leaving an outstanding balance of $179 from an initial balance of $604.00.

For the sake of argument, because there is no bill of costs submitted as part of the record, a total of $425.00 was paid by Mr. Jackson for court costs during his periods of supervision. That would exceed court costs allowed by statute and include moneys paid for attorney fees following the findings of indigence.

D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court. The judgment should be modified to eliminate this portion of the court costs.

ISSUE TWO, RESTATED: THERE IS LEGALLY INSUFFICIENT EVIDENCE TO SUPPORT THE RESTITUTION ORDERED.

A. Standard of Review

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); Drilling v. State, 134 S.W.3d 468, 469 (Tex. App. – Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).

A failure to object to the restitution order does not waive an evidentiary sufficiency complaint on appeal. Idowu v. State, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002); see also Riggs v. State, No, 05-05-01689-

CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex. App. – Dallas April 3, 2007, no pet.) (mem. op., not designated for publication); and <u>Evans v. State</u>, No, 12-10-00139-CR, (Tex. App. – Tyler, Feb. 28, 2011) (per curium order, not designated for publication)   (remanding an unobjected to order of restitution to the trial court for an appropriate restitution hearing) and <u>Carter v. State</u>, No. 12-09-00105-CR, 2011 Tex. App. LEXIS 662 (Tex. App. – Tyler Jan. 31, 2011, no pet.) (mem. op., not designated for publication) (Court of Appeals twice ordered remand for restitution hearing on unobjected to restitution amount at trial court level).

## B. Law Applicable to Restitution Orders

The focus of the restitution order is limited to individuals alleged and proven to be the victims of the charged offense.  <u>Cabla v. State</u>, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).  The burden of demonstrating the amount of loss sustained is on the prosecuting attorney.  TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon 2013).  Restitution has been deemed to be an aspect of punishment.  <u>Ex parte Cavazos</u>, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006).

Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis in the record; (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. Campbell 5 S.W.3d at 696-97; Drilling, 134 S.W.3d at 470; Cantrell v. State, 75 S.W.3d 503, 512 (Tex. App. – Texarkana 2002, pet. ref'd).

Additionally, there must be evidence in the record to support an amount of restitution. Buehler v. State, 709 S.W.2d 49, 52 (Tex. App. – Houston [1st Dist.] 1986, pet. ref'd). In fact, the amount of restitution must be just, and it must have a factual basis within the loss of the victim. Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). A court cannot order restitution to any but the victim or victims of the offense or reimbursement for expenses incurred by the crime victim's compensation fund with which the offender is charged. Martin v. State, 874 S.W.2d 674, 679-80 (Tex. Crim. App. 1994).

## C. Application to these Facts

In this case, the only evidence to support the amount of restitution ordered is contained in the pre-sentence investigation report. The probation officer submitted a request for 1,565.32 to be paid to Southside State Bank. II CR 17. However, the trial court order placing Mr. Jackson under supervision, does not reflect who should receive the restitution ordered, instead ordering payment to Smith County Collections. I CR 35-36. This was also the case in the judgment placing Mr. Jackson on regular probation, but was corrected in the final judgment in the case. I CR 60-61, 97-98. However, the restitution ordered violates due process and is an abuse of discretion. Cartwright 605 S.W.2d at 289.

While there was evidence in the record satisfying the first prong of the Campbell test, that the amount must be just and supported by a factual basis in the record; and arguably there may be sufficient evidence to support the fact that the amount was related to the offense for which the defendant is criminally responsible; there is insufficient evidence to determine that the restitution was payable to the victim of the offense for which the offender is charged. Campbell 5 S.W.3d at 696-97.

14

In this case, it appears from the record that a total of three checks were involved, number 108 for $400, number 113 for $400, and number 115 for $600. II CR 12-13. However, at best this is almost a guess because the affidavit provided by Southside State Bank just requests restitution in the amount of $1,565.32 and does not provide any specific detail as to how that amount was computed. II CR 19-23. The presentence report does contain what appears to be a bank statement and an entry labeled "closing entry" is starred. II CR 20-23. However, there is nothing in the record to indicate whether that amount was made by a probation officer, the court, or Southside Bank. This entry also was dated January 6, when the indictment alleged conduct from September 16, 2013. I CR 1-2; II CR 19-23.

### D. Remedy

Reversal would require the trial court to do a useless act, specifically, reform a judgment on an issue this court has decided. The law does not require courts to perform useless tasks. Homan v. Hughes, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986). A trial court judgment can be affirmed and modified. TEX. R. APP. P. 43.2(b); Buehler, 709 S.W.2d at 53. Modification is the correct remedy where the trial court imposed an

unauthorized sentence. <u>Tyler v. State</u>, 137 S.W.3d 261, 267-68 (Tex. App. – Houston [1ˢᵗ Dist.] 2004, no pet.). Here, because there is no evidence to support any payment of restitution, the amount of restitution ordered was an abuse of discretion and the judgment should be modified to eliminate this figure.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

16

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 6th day of July, 2016.


/s/ James Huggler

James W. Huggler, Jr.



Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702



## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,670 words as counted by Corel WordPerfect version x5.


/s/ James Huggler

James Huggler